ON affidavit of the administratrix of William S. F. Graham, stating that property which had come to her hands as administratrix *Page 436 
had been seized by the sheriff, and the money made on execution process issued against her estate, after administration granted, rule to show cause why the execution should not be set aside, and the sheriff ordered to bring the money into court, to be paid to the administratrix, to be administered in due course of law.
The judgment was entered March 11, 1854, as of November term, 1853, for the real debt of $1,000; and a fi. fa. issued March 23, 1854, tested December 14, 1853. William S. F. Graham died March 11, 1854; administration was granted to Elizabeth Graham, March 14, 1854. The property was inventoried, appraised and advertised for sale, when it was levied on by this execution.
Mr. Rodney said the question was one of the right of property at the time of the levy of the execution. The goods, at the time, were in the hands of the administratrix, had been inventoried and advertised for sale by her as administratrix, and all this was done before the execution was issued.
It was not the case of seizing goods unadministered, or not in the hands of the administrator. The doctrine of relation of the execution to its teste, is a common law fiction, which cannot operate against legal rights. The relation of a judgment to a preceding term is a like fiction. The statute of frauds, (29 Car. 2, ch. 3,) makes a distinction between judgments affecting lands and executions against goods; making an exception as to personalty, and preserving the execution lien by relation to the teste as against the defendant and his creditors. And that construction was forced. But our act makes no such exception. The execution binds only from the delivery of the writ to the sheriff. (Code, 405; Toller Ex., 132-3.) On the death the right of property vests in the executor. (7 Term Rep., 20.)
Mr. Wolfe, for the execution creditor, objected to the rule. He cited 2 Wms. Ex'r., 1225, [1227,] Bragner vs. Langmead, 7 Term Rep., 20. The statute of frauds was passed solely to protect purchasers, and the goods are bound as against the defendant and his representatives, as they were at the common law; and therefore goods of the testator in the hands of an executor may be taken on a fi. fa. against his testator, bearing test before his death. (7 Law Lib., 127; Watson Sheriff, 176.)
The Court dismissed the rule. By the common law the judgment had relation to the term, and the execution to its teste; and it bound *Page 437 
the goods of a defendant who died after the teste and before the next term, in the hands of his executor or any body else. This was supposed to have a harsh operation upon purchasers of goods so bound, and hence the statute of frauds, which provides that "no writ of fieri facias or other writ of execution shall bind the property of the goods against whom such writ of execution is sued forth, but from the time that such writ shall be delivered to the sheriff, undersheriff or coroner, to be executed; and for the better manifestation of such time, the sheriff, under sheriff or coroner, their deputies and agents, shall, upon the receipt of any such writ, (without fee for doing the same) endorse upon the back thereof the day of the month and year when he or they may receive the same."
 Rule dismissed.